IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RICHARD R. TISDALE, )
)
    Plaintiff, )
)
v. ) Civil Action No. 3:17CV305–HEH
)
UNITED STATES OF AMERICA, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
(Granting Defendants' Motion to Dismiss)

Richard R. Tisdale, a former federal prisoner proceeding *pro se*, brings this action. The remaining Defendants have moved to dismiss under Fed. R. Civ. 12(b)(1) on the grounds that, *inter alia*, Tisdale failed to exhaust his administrative remedies. Tisdale has responded. For the reasons set forth below, the Motion to Dismiss (ECF No. 22) will be granted.

### I. Procedural History

By Memorandum Order entered on October 24, 2017, the Court directed Tisdale to file a particularized complaint. (ECF No. 13.) In that Memorandum Order the Court informed Tisdale that "[t]he first paragraph of the particularized pleading must identify the statute, rule or case that authorizes this action." (*Id.* at 2.) On December 18, 2017, Tisdale filed his Particularized Complaint.[1] Tisdale, however, failed to clearly identify

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system for the citations to the parties' submissions. The Court corrects the emphasis, spelling, and punctuation in the quotations from Tisdale's submissions.

the statute, rule, or case that authorizes this action.[2] Not until page five of the Particularized Complaint did Tisdale mention, 18 U.S.C. § 2712, the statute under which he brings this action.

While the statute identified by Tisdale authorizes civil actions against the United States, Tisdale failed to identify a procedural vehicle that would allow him to sue the private entities he named as defendants—Oyster Point Self-Service Storage, Bank of America, and Huntington National Bank. Accordingly, by Memorandum Order entered on July 24, 2018, the Court dismissed without prejudice all claims against Oyster Point Self-Service Storage, Bank of America, and Huntington National Bank. (ECF No. 18, at 2.) The Court further directed the Marshal to serve the Federal Bureau of Investigation, the Internal Revenue Service, the United States Navy, and the National Aeronautics and Space Administration ("Defendants"). (*Id.* at 2–3.)

## II. Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(1)

Under Rule 12(b)(1), the Court affords Tisdale's Particularized Complaint "the same procedural protection" as one "would receive under a Rule 12(b)(6) consideration." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). Accordingly, "the facts alleged in the complaint are

---

[2] The Particularized Complaint contains a paucity of facts. Tisdale asserts that he is entitled to sue Defendants "for unlawful disclosure of surveillance evidence by law enforcement or foreign intelligence officials." (Part. Compl. 5.) Tisdale further alleges that his "privacy rights are continuing to be violated and the injury is ongoing with the continued dissemination of false and misleading, fraudulent information . . . ." (*Id.*) No need exists to piece together the factual bases of Tisdale's claims, as the action is clearly barred for failure to exhaust his administrative remedies.

taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Id.* The plaintiff bears the burden of proving the Court's jurisdiction. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995) (citation omitted). The Court may consider evidence outside the pleadings in order to decide whether it has subject-matter jurisdiction. *Id.* (citation omitted).

Here, Tisdale brings this action under 18 U.S.C. § 2712. (Part. Compl. 5.) That statute provides, in pertinent part, as follows:

> **(a) In general.**--Any person who is aggrieved by any willful violation of this chapter or of chapter 119 of this title or of sections 106(a), 305(a), or 405(a) of the Foreign Intelligence Surveillance Act of 1978 (50 U.S.C. 1801 et seq.) may commence an action in United States District Court against the United States to recover money damages. In any such action, if a person who is aggrieved successfully establishes such a violation of this chapter or of chapter 119 of this title or of the above specific provisions of title 50, the Court may assess as damages--
> (1) actual damages, but not less than $10,000, whichever amount is greater; and
> (2) litigation costs, reasonably incurred.
> **(b) Procedures.**--(1) Any action against the United States under this section may be commenced only after a claim is presented to the appropriate department or agency under the procedures of the Federal Tort Claims Act, as set forth in title 28, United States Code.
> (2) Any action against the United States under this section shall be forever barred unless it is presented in writing to the appropriate Federal agency within 2 years after such claim accrues or unless action is begun within 6 months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented. The claim shall accrue on the date upon which the claimant first has a reasonable opportunity to discover the violation.

18 U.S.C. § 2712. The United States argues that the Court lacks subject-matter jurisdiction

over the present action because Tisdale failed to exhaust his administrative remedies as required by 18 U.S.C. § 2712(b)(1).[3]

The United States is immune from suit except to the extent it consents by statute to be sued. *United States v. Dalm*, 494 U.S. 596, 608 (1990) (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)). The above statute acts as a limited waiver of sovereign immunity, by permitting suits against the government. Nevertheless, courts must "scrupulously observe[]" the requirements for securing the government's waiver. *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000) (citing *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979)).

Under 18 U.S.C. § 2712, a federal court will not have jurisdiction over a suit against the United States unless "a claim is presented to the appropriate department or agency under the procedures of the Federal Tort Claims Act [("FTCA")], as set forth in title 28, United States Code." 18 U.S.C. § 2712(b)(1). "[T]he requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986) (citing *Kielwien v. United States*, 540 F.2d 676, 679 (4th Cir. 1976)). Thus, Tisdale must demonstrate that he properly presented an administrative claim in order to secure the government's consent to suit. *See Kokotis*, 223 F.3d at 278.

---

[3] Defendants further note that the statute provides that, "[a]ny action *against the United States* under this subsection shall be the exclusive remedy against the United States for any claims within the purview of this section." 18 U.S.C. § 2712(d) (emphasis added). Accordingly, Defendants correctly note that the United States, rather than the individual federal agencies, is the appropriate defendant.

Here, in order to exhaust his administrative remedies for any claim, Tisdale must demonstrate, among other things that he "present[ed] it to the agency in writing by means of a[] [Standard Form] 95 or an equivalent; the writing must include a claim for money damages in a sum certain." *Ahmed v. United States*, 30 F.3d 514, 517 (4th Cir. 1994). Tisdale has not tendered proof that he presented his claim to any of the four agencies named in his Particularized Complaint. Moreover, each of those agencies, the Federal Bureau of Investigation, the Internal Revenue Service, the United States Navy, and the National Aeronautics and Space Administration, has conducted a search of its administrative claims database and found no record of any administrative claim filed by Tisdale. (Mem. Supp. Mot. Dismiss Ex. 1 ¶ 5, Ex. 2 ¶¶ 4–5, Ex. 3 ¶¶ 4, 6, Ex. 4 ¶¶ 3–5). Accordingly, the Motion to Dismiss (ECF No. 22) will be granted.

### III. Conclusion

Defendants' Motion to Dismiss (ECF No. 22) will be granted. The action will be dismissed for lack of subject-matter jurisdiction. Tisdale's Motion for Sanctions (ECF No. 24) and Motion to Stay and for an Expedited Evidentiary Hearing (ECF No. 26) are frivolous and will be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: July 22, 2019
Richmond, Virginia

5